NO. 07-11-0060-CR, 07-11-0061-CR, 07-11-0062-CR, 07-11-0063-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 10, 2012

_____

DILLON WADE THOMPSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,949-B, 20,961-B, 20,962-B, 21,937-B;

HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

**MEMORANDUM OPINION**

After a bench trial, appellant Dillon Wade Thompson was convicted of a single count of indecency with a child and multiple counts of possession of child pornography and sexual performance by a child.  Punishment was assessed by the trial court at a total of fifty-five years of imprisonment and $32,500 in fines.  His court-appointed

appellate counsel has filed a motion to withdraw and an *Anders*[1] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

The victim of all criminal acts alleged was appellant's daughter M.T., who was twelve at trial. The events leading to his prosecution occurred during appellant's visitation with M.T. and her younger sister, which took place mainly at appellant's apartment. M.T. testified her father took pictures of her without her clothes, often taking her clothes off for her. She testified he touched her breasts, making her uncomfortable. She also testified they played games during which she took her clothes off or put them on, depending on the outcome of the game.

In addition to still pictures, the evidence included video clips appellant took of M.T. in the shower and swimming naked in the apartment pool. An employee of the North Texas Regional Forensic Computer Lab testified he reviewed the contents of appellant's computers, hard drives, Scan Disk cards and camcorders and found nude and semi-nude images of M.T., as well as other children. An investigator for the 47th District Attorney's Office testified he viewed several video clips and photographs that confirmed M.T.'s trial testimony. He viewed approximately 500 photographs depicting nude children, including M.T., in various poses and scenes. In all, some 500 photographs and video clips were placed into evidence.

Appellant testified on his own behalf. He acknowledged taking photographs of M.T. without her clothes, but denied any harm to his daughters. With regard to the

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

contact with the child's breasts, he admitted to one "very slight pinch, very brief and over with…." He told the court he was not excited by the pictures of his daughter or the pictures of other children. Appellant did not believe anything in the photos or videos was lewd conduct by his daughter and, while he agreed he downloaded pictures of nude children, he did not believe any of the photographs were child pornography.

The trial court found appellant guilty on all counts alleged by the indictments, and assessed punishment as noted. Appellant filed notice of appeal. Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the cases, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response raising ten issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record

3

in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

By his *Anders* brief, counsel raises five grounds that could possibly support an appeal, but explains why he concludes none show reversible error. He concludes the appeal is frivolous. Appellant raises ten issues, asserting he was harmed by errors of the court and his counsel such that the trial court's judgment should be reversed. We have reviewed each ground and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous. In that regard, we note that appellant's primary contention, both at trial and on appeal in his *pro se* response, is that the evidence of guilt is insufficient because the photographs he took of his daughter do not demonstrate lewd exhibitions of her genitals, anus or breasts.[2] Having reviewed the record as required, and considering the standard by which we determine the sufficiency of evidence, we find the contention frivolous. [3]

---

[2] *See* Tex. Penal Code § 43.25(a)(2) (West 2011) (defining "sexual conduct").

[3] *See Brooks v. State* 323 S.W.3d 893 (Tex.Crim.App. 2010) (setting out sufficiency standard).

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  Tex. R. App. P. 48.4.